**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-5314**

_____

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

      v.

ALEJANDRO MATA-MALDONADO,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever, III, District Judge.  (4:10-cr-00054-D-1)

_____

Submitted:  August 18, 2011      Decided:  August 22, 2011

_____

Before WILKINSON, DAVIS, and KEENAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. George E.B. Holding, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After Alejandro Mata-Maldonado pleaded guilty to illegal reentry by a convicted felon, the district court calculated his advisory Guidelines range at 18 to 24 months' imprisonment. The district court then varied upwards and sentenced Mata-Maldonado to 42 months' imprisonment, based upon his repeated disregard for immigration laws and the near certainty that he would again re-enter the country illegally. Mata-Maldonado appeals, asserting that his sentence was unreasonable because (1) the district court failed to address his argument that an eight-level increase of his base offense level based on a prior conviction was sufficient to punish him and (2) the sentence was unduly harsh.[*] Finding no error, we affirm.

We review the district court's sentence, "whether inside, just outside, or significantly outside the Guidelines range," under a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). In determining procedural reasonableness, we consider inter alia whether the

---

[*] Mata-Maldonado also argues that the district court erred by not first considering a departure prior to imposing a variance. However, he acknowledges that we rejected such an argument in United States v. Diosdado-Star, 630 F.3d 359, 366 (4th Cir.), cert. denied, 131 S. Ct. 2946 (2011).

2

district court considered the arguments presented by the parties. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). When reviewing for substantive reasonableness, we "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." Gall, 552 U.S. at 51.

Mata-Maldonado first challenges his sentence on the ground that the district court failed to adequately consider his argument that his Guideline calculation rested heavily on the determination that he re-entered the United States after having been convicted of an aggravated felony. Mata-Maldonado argued that his prior burglary conviction was not serious enough to support such a large enhancement and urged the court not to impose a variance sentence in recognition of the fact that the Guidelines range was already harsh. However, the district court explicitly considered and rejected this argument, ruling that, while the Guidelines range was properly calculated, it failed to take into account Mata-Maldonado's "relentless and persistent" violation of the immigration laws. In addition, the court noted that it would have imposed the same sentence, even if the Guidelines enhancement had not been applied.

Turning to the substantive reasonableness of the sentence, we afford "due deference to the district court's decision that the [18 U.S.C.A.] § 3553(a) [(West 2000 & Supp.

3

2011)] factors, on a whole, justify the extent of the variance." Gall, 552 U.S. at 51. Our review of the record reveals that the district court meticulously considered Mata-Maldonado's circumstances and history, the seriousness of the offense, the need to protect the public and deter criminal activity, and the twenty-year statutory maximum sentence for the offense. The court decided that the variance sentence was sufficient but not greater than necessary to accomplish the purposes of § 3553(a). We find that the extent of the deviation from the Guidelines range was adequately explained and well within the district court's discretion.

Thus, we conclude that the district court did not abuse its discretion in sentencing Mata-Maldonado. We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED